UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:  JACKSON NATIONAL LIFE
INSURANCE COMPANY PREMIUM               MDL No.  1122
LITIGATION
_____/         HON. DAVID W. McKEAGUE*

Relates to:
*Jones v. Jackson National Life*
5:01-CV-159

and
*Wood v. Jackson National Life*
5:02-CV-103

**ORDER AMENDING AMENDED SETTLEMENT AGREEMENT**

The parties in these two actions, *Jones v. Jackson National Life Insurance Company*, W.D. Mich. No. 5:01-CV-159, and *Wood v. Jackson National Life Insurance Company,* W.D. Mich. No. 5:02-CV-103, have filed an agreed motion to amend the amended settlement agreement, filed in each case on January 3, 2005, which would add to paragraph 4(E) the following clarifying statement:

> For the states of New York, Washington, Oregon and Utah, where the Bonus Max annuity has not been approved by state regulators for sale, Jackson National shall provide each class member with a voucher to purchase a Jackson National Action fixed annuity with an interest rate for the first contract year that is three percent (3%) higher than the first year interest rate otherwise declared by Jackson National for that annuity.

The Court having duly considered the agreed motion to amend the amended settlement agreement and finding that the proposed amendment should be allowed; now therefore,

---

*Hon. David W. McKeague, United States Circuit Judge, Sixth Circuit Court of Appeals, sitting by designation.

**IT IS HEREBY ORDERED** that the agreed motion to amend the amended settlement agreement is **GRANTED**; and

**IT IS FURTHER ORDERED** that paragraph 4(E) of the amended settlement agreement filed in each case on January 3, 2005, shall be and is hereby **AMENDED** to provide, in its entirety as follows:

> In the first annual statement sent to Policyholders after the Final Approval Order, Jackson National shall provide Policyholder with a voucher (the "Fixed Annuity Bonus Voucher") entitling that class member, if he or she purchases a Jackson National Bonus Max fixed annuity within fourteen (14) months after the Final Approval Order, to an interest rate for the first contract year that is three (3%) percent higher than the first year interest rate otherwise declared by Jackson National for that type of annuity. The Fixed Annuity Bonus Voucher shall be transferable; provided, however, that the Voucher may not be duplicated. The parties estimate that the value to the class of the benefit provided for in this section will be $3 million. For the states of New York, Washington, Oregon and Utah, where the Bonus Max annuity has not been approved by state regulators for` sale, Jackson National shall provide each class member with a voucher to purchase a Jackson National Action fixed annuity with an interest rate for the first contract year that is three percent (3%) higher than the first year interest rate otherwise declared by Jackson National for that annuity.

DATED:   February 13, 2006            /s/ David W. McKeague
                                      DAVID W. McKEAGUE
                                      UNITED STATES CIRCUIT JUDGE